UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DEON DARRELL BROWN,<br><br>Defendant. | CASE NO. CR13-0330JLR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE |

## I. INTRODUCTION

Before the court is Defendant Deon Darrell Brown's motion to terminate his supervised release so that he may attend his son's graduation from the United States Naval Academy. (Mot. (Dkt. # 378)). Plaintiff United States of America ("the Government") opposes Mr. Brown's motion. (Resp. (Dkt. # 379).) The court has considered Mr. Brown's motion, the Government's response, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Brown's motion but encourages United States Probation ("Probation") to work with Mr. Brown

concerning a possible travel pass so that Mr. Brown can travel to the city where his son's graduation is scheduled to occur.

## II. BACKGROUND

On January 24, 2014, Mr. Brown pleaded guilty to three counts of bank fraud (*see* R&R re Guilty Plea (Dkt. # 110); *see also* Ord. of Accept. of Guilty Plea (Dkt. # 131)), and on May 6, 2014, the court sentenced him to 12 months plus one day of imprisonment and five years of supervised release (Judgment (Dkt. # 190)). The court also ordered Mr. Brown to pay $258,804.26 in restitution. (*Id.*)

Mr. Brown completed his sentence and began his five-year term of supervised release on February 23, 2015. (*See* 3/26/15 Order/Report (Dkt. # 280) at 1.) One week later, on March 2, 2015, Mr. Brown submitted a urine sample to Probation that tested positive for alcohol and cocaine. (*Id.*) The court endorsed Probation's action of increased drug testing and a referral for substance abuse treatment. (*Id.* at 2.) On February 25, 2017, Mr. Brown committed the crime of driving under the influence ("DUI"). (Mot. at 3.) As a result, on May 1, 2017, the court revoked his term of supervision and sentenced him to four months in custody. (Judgment on Revocation (Dkt. # 345).) The court also imposed a new 24-month term of supervised release. (*Id.*) Mr. Brown's term of supervised release began on June 28, 2017, and it is set to expire on June 27, 2019.

During his current term of supervised release, Mr. Brown has so far submitted clean urine samples to Probation. (Mot. at 3; *see also* Resp. at 5 ("[Mr.] Brown has not tested positive for any controlled substances or alcohol since his most recent release from

custody in June 2017.").) He also completed re-entry classes through Pioneer Human Services. (Mot. at 3.) Since January 2018, he has been employed at Valley Medical Center and has been making regular restitution payments. (*Id.*)

Mr. Brown now seeks an early termination of supervised release. (*See generally* Mot.) He argues that he has a son who will be graduating from the United States Naval Academy on June 29, 2018, and he would be unable to attend the ceremony unless the court terminates his term of supervised release before that date. (*Id.* at 3.) The Government opposes Mr. Brown's motion. (*See generally* Resp.) The court now considers Mr. Brown's motion.

### III.     ANALYSIS

Section 3583(e)(1) of Title 18 provides that after considering the general sentencing factors set forth in 18 U.S.C. § 3553(a)(1), the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). "The court had broad authority to approve modification of the conditions but only after 'consider[ing] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6).'" *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (quoting 18 U.S.C. § 3583(e)). Among the general sentencing factors that the court first must consider are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense;" (B) "to protect the public from further crimes of the defendant"; and (D) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1)-(2).

The crime Mr. Brown committed was serious, as indicated by the loss attributable to his conduct—$258,804.26—more than a quarter of a million dollars. (*See* Judgment.) His sentence reflects the seriousness of his crime, and the court is reluctant to undermine that statement by terminating his period of supervised release early. Further, the court ordered Mr. Brown to pay restitution, and he has only begun making payments on the amounts he owes under his sentence. Mr. Brown made an initial payment on December 18, 2015 ($30.00), but then did not pay again until more than two years later on April 1, 2018 ($20.00). (Resp. at 5.) He subsequently made two additional, consecutive payments on May 1, 2018 ($20.00), and June 2, 2018 ($20.00). (*Id.*) Probation has applied all of these payments to Mr. Brown's $300.00 assessment; none has been applied to the $258,804.26 he owes in restitution. (*Id.*) The court is encouraged by Mr. Brown's recent employment with Valley Medical Center and payment on the amounts he owes under his sentence. However, maintaining his supervised release will encourage Mr. Brown to continue making payments and will give the Government and the court the tools the necessary tools to enforce the order of restitution in this case.

Similarly, although the court is encouraged by Mr. Brown's recent stretch of clean urine samples, his prior repeated use of alcohol and drugs while on supervised release and his poor judgment in getting behind the wheel of a car while intoxicated lead the

court to conclude that early termination of Mr. Brown's supervised release is not warranted. Mr. Brown needs to complete his term of supervised release to protect the public from similar crimes, including any additional DUIs, and to ensure that Mr. Brown remains free of alcohol and drug use. If Mr. Brown remains on supervised release, Probation can continue to monitor Mr. Brown, intercede, and provide the necessary resources and support so that he remains crime-free and continues to make positive choices concerning his prior drug and alcohol dependence.

For all of the foregoing reasons, the court denies Mr. Brown's motion and declines to terminate his supervision. The court, however, encourages Probation to work with Mr. Brown with respect to the possibility of a travel pass so that he travel to the city where his son's graduation is to take place and join in family celebrations. The court understands that this decision means that Mr. Brown may not be allowed to attend the graduation ceremony itself (*see* Resp. at 7), but assuming he qualifies for a travel pass from Probation, he may be able to attend graduation activities both before and after the ceremony.

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Brown's motion (Dkt. # 378) and declines to direct the early termination of Mr. Brown's supervised release. The court, however, encourages Probation to work with Mr. Brown with respect to the

//

//

//

possibility of a travel pass so that he can travel to the city where his son's graduation is set to occur.

Dated this 20th day of June, 2018.

JAMES L. ROBART
United States District Judge